## MELLISSA KELLY *v.* WISEMAN & HINSON.

The vendor cannot enjoin the seizure and sale of the property of his vendee, when it is seized under execution as the property of a third person, on the grounds that his obligation in warranty may attach.

In such a suit the question of title to property is involved, and it, therefore, partakes of the nature of a petitory action, which can only be maintained by the party in whom the legal title is vested.

The vendor is only liable on this warranty for causes anterior to the sale, and if the vendee should be evicted without calling him in warranty, and he can establish the fact that he had a good defence, which he lost, in consequence of the neglect and failure of the vendee to call him in warranty, the vendee cannot recover from him.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Parsons & Ludeling*, for plaintiff and appellant.   *Todd & Brigham*, for defendants.

LAND, J.   The facts of this case are stated by plaintiff's counsel, as follows :

" On the 26th of April, 1852, plaintiff purchased from one *T. C. Mathews*, by notarial act, certain lots in the town of Bastrop, known on the plat thereof as No. 9, 10, &c., in block No. 2, for the price of $1000 cash.  On the 4th of February, 1857, plaintiff, by act *sous seing privé*, sold a part of these lots, to *Caperton & Weaks, under full warranty.*

" On the 4th of June, 1857, defendants, *Wiseman & Hinson*, a commercial firm, obtained judgment against one *John B. Stewart*, for the sum of $509 79, for which they caused a writ of *fi. fa.* to be issued on the 13th of July following, under which they had the property, sold by plaintiff to *Caperton & Weaks*, seized as belonging to their debtor, and advertised for sale.  Plaintiff, as warrantor of *Caperton & Weaks*, her vendees, on the 4th of September, 1857, applied for and obtained an injunction arresting the sale.  The questions presented are those of ownership, and whether a judgment creditor, not of the vendor, can disregard the title and possession of a third person, and seize property, owned and possessed at the time of seizure by a *bona fide* claimant.

" A motion to dissolve the injunction on the insufficiency of the bond having been properly overruled, defendants filed their exception and answer, denying in the exception that any legal grounds were disclosed for an injunction, and in the answer setting up fraud and simulation in plaintiff, and putting at issue the question of ownership.  Upon these pleadings, a trial was had by the court, (the jury having been waived,) and judgment rendered in favor of defendant, dissolving the injunction, with $50 damages, from which plaintiff appeals."

This suit, as stated, involves the question of title to real estate, and is, therefore, in the nature of a petitory action, which no one can maintain except the party in whom the *legal title* is vested.   C. P. Art. 44.

In the suit of *Caze, Administrator*, v. *Robertson*, ante p. 232, which was the suit of an administrator of a *deceased vendor*, to recover a tract of land which he alleged had been unlawfully taken from the vendee, and in which he claimed a

right of action, on the grounds of warranty, as set up in this case, we held, that the suit was properly dismissed, on an exception in the nature of a demurrer.

This case in principle, is the same, subject, however, to the more serious objections, that if one vendor can enjoin the sale of real estate under execution, on the ground that his obligations in warranty may attach, each vendor, back to the origin of the title, would have the same right, and thus the judgment creditor might be involved in vexations and ruinous litigation.

The vendor is only liable on his warranty for causes anterior to the sale, and if the vendee should be evicted without calling the vendor in warranty, and the latter can prove that he had good grounds of defence, which he has lost in consequence of the vendee's failure to do so ; the former can not recover, and this rule of law is a sufficient protection to his rights.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.